PER CURIAM.
Plaintiff-appellant seeks review of an adverse final judgment in favor of the plaintiff awarding recovery from the defendant in the amount of. $11,279 on a quantum meruit basis in a contract action.
Defendant-appellee, Royal Crown Bottlers of Orlando, Inc., a soft drink manufacturer, dispensed its product to retail outlets by trucks leased from several truck leasing corporations. Defendant decided to consolidate the truck leasing arrangements into one statewide leasing contract. Plaintiff, France Betten Transportation Corp., made an offer to Royal Crown for a statewide full maintenance lease. Following several months of negotiation, the parties orally agreed on December 1, 1970 that Royal Crown would buy out the fleets of trucks on lease from the truck rental companies and provide the buy-out figures to plaintiff, who in turn would arrange financing and then purchase the fleets from defendant Royal Crown. This oral agreement further provided that plaintiff imme *393 diately would begin servicing the trucks owned by the defendant in anticipation of its eventual take-over of the entire fleet. This agreement was separate from the contemplated full maintenance contract and its purpose was to permit plaintiff to begin “gearing up”. Thereafter, defendant notified plaintiff to buy out directly from the truck leasing companies. In January 1971 plaintiff notified defendant that in order to obtain financing, a signed agreement was necessary. The parties met on January 13, 1971 and executed the agreement; however, the commencement date thereof was left blank. Defendant, Royal Crown, alleged that the parties orally had agreed that plaintiff would obtain the needed financing within 10 days thereafter. Plaintiff claimed that a reasonable time for arranging the necessary financing would be 30 to 90 days. Upon execution of the agreement, defendant sent to the truck lessors telegrams notifying them of plaintiff’s take-over and requesting them to supply buy-out figures. Plaintiff failed-to obtain the financing by March 1971, the condition of the fleet vehicles began to deteriorate and defendant entered into other fleet contracts. Plaintiff filed a complaint to recover damages for breach of contract and to recover sums due for services rendered to the fleets on an open account theory or in the alternative, in quantum meruit. A non-jury trial was held, at the conclusion of which the trial judge entered a final judgment in the amount of $11,279 to plaintiff in quantum meruit based upon the separate oral agreement to perform repairs on the leased vehicles for the purpose of plaintiff “gearing up”. The court then entered final judgment in favor of the defendant on the issue of breach of contract. Plaintiff appealed the judgments.
After a thorough review of the record, we find there was sufficient evidence to support the findings of the trial court and, therefore, the judgment must be and hereby is affirmed. See 2 Fla.Jur. Appeals § 346 (1963).
Affirmed.